IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:09CR235-1
)
BRENDAN CANNELL )

ORDER ADOPTING MAGISTRATE JUDGE'S ORDER OF DETENTION

Brendan Cannell has filed an appeal [Doc. 12] of Magistrate Judge Dixon's finding and order that he should be detained pending trial based upon his being a danger to the community and based upon his being a flight risk. Having reviewed the evidence presented at the detention hearing and the brief submitted by counsel for Mr. Cannell, it is determined that clear and convincing evidence supports a finding both of dangerousness and risk of flight such that no set of circumstances or conditions short of incarceration could be fashioned that would either protect the community or assure Mr. Cannell's attendance in court. Judge Dixon's order of detention is, hereby, ADOPTED.

On April 6, 2008 Mr. Cannell was interviewed and admitted having cased out the Carrboro Department of Motor Vehicle's Office by using a telephoto lens to photograph the keys used by employees to gain entrance at the back of the office. He then manufactured a key, entered the office and placed key logger devices upon the examiners' computers to obtain personal information about persons obtaining North Carolina drivers' licenses at that location. He re-entered at a later

time to remove the devices and used the personal information to apply for credit cards, open postal boxes and order merchandise in the names of persons whose identity he had abstracted.

Ten days later, on April 16, 2009, Mr. Cannell was arrested when it was discovered that he was filming the back entrance of the Durham DMV Office. Mr. Cannell asserted that he "couldn't stop" himself and stated that there would be additional evidence at his parents' home. Upon searching his parents' home, officers found booklets addressing the picking of locks and the manufacture of the explosive C-4 as well as coordinates for military installations. Also found were blank keys and credit cards and licenses in the names of persons who had obtained licenses at the Carrboro DMV. Another document showed the addresses of several other DMV offices with key profiles next to four of them. A search of his computer revealed a speadsheet containing personal information from key loggers about more than one hundred people who had applied for licenses at the Carrboro Office. There was evidence he had used others' personal information to order additional key loggers and a Micro Tech knife, a high end tactical weapon. There was evidence that he was researching types of tactical firearm ammunition.

There was also a letter on his computer (Government's Exhibit 1) describing his "Approximate Life Plan" which included acquiring the identity of others, obtaining weaponry, bypassing locks, forging documents, gaining access to "restricted weapons", training in combat, and recruiting a team to rob banks and

armored cars. He ends the letter by stating: "Finally, I want to take the money and skills I've acquired and leave. I don't know exactly where I will go, but I expect that I will be gone a long time."

This evidence supports the finding by clear and convincing evidence that Mr. Cannell is acting out upon his expressed "Approximate Life Plan", and is, thereby, a danger to the community and a risk of flight such that no combination of conditions can reasonably assure his future presence in court.

The Defendant, through counsel, presented evidence of neurological and emotional problems. While those difficulties might do much to explain the origin of his choices, they do not lessen concern over his determination to follow the goals chosen or to remain in this area and follow the orders of the Court.

The findings and order of the United States Magistrate Judge are ADOPTED.

This the day of August 10, 2009

      /s/ N. Carlton Tilley, Jr.
Senior United States District Judge

3

Case 1:09-cr-00235-CCE   Document 16   Filed 08/10/09   Page 3 of 3